OPINION OF THE COURT
George R. Bartlett, III, S.
Eliot Spitzer, Attorney General of the State of New York, as statutory representative of the interests of the public in dispositions for charitable purposes, presents one objection to the lengthy and detailed final accounting of Thomas O. Putnam *351 and James R. Putnam, as coexecutors of the estate of Clara B. Putnam. The Attorney General’s sole objection is to the calculation by the coexecutors of the pecuniary bequest to the Putnam Family Foundation, Inc. (hereinafter the Foundation) pursuant to article fourth (B) (1) of Mrs. Putnam’s last will and testament, to the extent that it did not include dividends or interest earned on the marketable securities accounts held in the decedent’s name at Fenimore Asset Management, Inc., up to the date of distribution to the Foundation.
Article fourth (B) (1) provides that:
“(B)(1) I give to the putnam family foundation, inc., a share of my residuary estate equal to one-half of the value of any marketable securities accounts held in my name alone at Fenimore Asset Management, Inc. or any successor asset management firm, calculated as of the date of distribution reduced by an amount equal to one-half of the expenses of administration of my estate, excluding State or Federal income taxes, which shall be chargeable against my residuary estate pursuant to this will or the laws of the State of New York. I specifically direct that any deductions allowed under the laws imposing death and/or income taxes, including estate and inheritance taxes, by reason of the charitable purposes of the gift, shall inure to the benefit of the putnam family foundation, inc.” (Emphasis added.)
The Attorney General contends that this language requires one half of the approximately $157,000 of dividends and interest generated by securities held in the decedent’s name at Fenimore Asset Management, Inc., following her death be included in the bequest to the Foundation. On the other hand, the estate argues that the bequest to the Foundation was specific stock only and the testatrix did not intend a bequest of any interest or dividends generated by the securities between her date of death and the time of distribution.
The court agrees with the Attorney General’s interpretation of decedent’s last will and testament.
The argument proffered by counsel for the estate fails to account for the testatrix providing in the portion of her last will and testament highlighted above that any income tax deductions allowable by reason of the charitable bequest to the Foundation shall inure to the benefit of the Foundation. If dividends and interest from Fenimore Asset Management, Inc., *352 are not included in the calculation of the bequest distributable to the Foundation, then dividends and interest would be distributed under the residuary clause of decedent’s last will and testament. In such event there would be no allowable charitable deduction for any of the income of the estate. Hence, the interpretation offered by counsel for the estate is contrary to the testatrix’s understanding that income would be distributed to the Foundation, for why else would she have specifically made a direction regarding income tax deductions due to the charitable bequest to the estate.
Further, in her last will and testament Mrs. Putnam did not establish a date the securities were to be distributed. Rather, she left the date of distribution to the discretion of the executors. By leaving the distribution date to the discretion of the fiduciaries, the testatrix evinced her intent that any income generated by the securities between the date of her death and distribution be included in the bequest.
Finally, the inclusion of income in the bequest is consistent with the equities of the situation and with established principles of estate administration, especially here where the testatrix allowed her fiduciaries to make distributions at their discretion (30A Carmody-Wait 2d, NY Prac § 169.10; 1 Harris, New York Estates — Probate Administration and Litigation, ch 13, § 13:2 [5th ed]).
The objection is sustained and the executors are directed to submit a revised accounting or schedules as necessary, allocating dividends and income to the Foundation.*

 It should be noted that the bequest to James R Putnam in article fourth (A) (1) contains language similar to that in (B) (1). However, since James R. Putnam is one of the accounting parties, the court will not interfere with the accounting parties’ discretion with regard to the distribution directed in article fourth (A) (1).